*Kimberly JONES a/ka/ Lil' Kim; Gbeke Awala, Acting Amicably for Petitioner et al

v.

REGIONAL OFFICE BOP; Warden, Bureau of Prison Federal Detention Center, Philadelphia; U.S. Attorney General.

*Kimberly Jones; Gbeke Awala, Appellant.

*(Dismissed per Clerk's Order of 12/28/05).

No. 05–5169.

United States Court of Appeals, Third Circuit.

Submitted For Possible Dismissal as Untimely
or Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Under Third Circuit LAR 27.4 and I.O.P. 10.6 May 18, 2006.

Filed June 5, 2006.

Gbeke Michael Awala, Philadelphia, PA, pro se.

Richard Mentzinger, Jr., Office of United States Attorney, Philadelphia, PA, for Appellee.

Before SCIRICA, Chief Judge, RENDELL and AMBRO, Circuit Judges.

OPINION

PER CURIAM.

On September 23, 2005, Gbeke Awala, a federal prisoner, filed a document in the United States District Court for the Eastern District of Pennsylvania entitled "Motion for Temporary Release of a Prisoner and Declaratory Judgment." The document was filed on behalf of Kimberly Jones, a/k/a Lil' Kim, seeking her immediate release from federal prison. The District Court denied the motion, explaining that Awala could not initiate a federal lawsuit without filing a complaint as required by Rule 3 of the Federal Rules of Civil Procedure. Awala appealed on behalf of himself and Ms. Jones. On December 28, 2005, Ms. Jones was dismissed from this appeal by order of the Clerk.

Because Awala has been granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). An appeal may be dismissed under § 1915(e) if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

A litigant must have standing in order to pursue a claim in federal court. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). To establish standing, the litigant must demonstrate: (i) a concrete and particularized, actual or imminent, injury in fact; (ii) a causal link between the injury and the challenged conduct; and (iii) that a favorable ruling would redress the injury. *See id.* Because Awala has not satisfied any of the above-stated requirements, he lacked standing to pursue his action in the District Court. As a result, his motion was properly denied by the District Court

and his appeal is without merit. This appeal will therefore be dismissed under § 1915(e)(2)(B).[1]

1. Although the parties were advised that this appeal might be dismissed for lack of jurisdiction, we decline to dismiss the appeal on that ground.